Submitted September 4, reversed October 7, 2020

In the Matter of C. M. B.,
a Person Alleged to have Mental Illness.
### STATE OF OREGON,
*Respondent,*

*v.*

### C. M. B.,
*Appellant.*

### Umatilla County Circuit Court
20CC00425; A173458

474 P3d 463

Daniel J. Hill, Judge.

Joseph R. DeBin and Multnomah Defenders, Inc., filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Rebecca M. Auten, Assistant Attorney General, filed the brief for respondent.

Before DeVore, Presiding Judge, and DeHoog, Judge, and Mooney, Judge.

PER CURIAM

Reversed.

## PER CURIAM

Appellant appeals an order of the trial court that adjudicated her to be a person with mental illness and prohibited her from possessing firearms. At the beginning of the civil commitment hearing, the court advised appellant that the hearing could result in her being committed to the Mental Health Division for a period not to exceed 180 days or could result in her being discharged, but failed to otherwise advise appellant about the nature of the proceedings and her rights as required by ORS 426.100(1) (A court conducting a civil commitment hearing is required to advise the person of the reason for the proceeding and the possible results of the hearing, as well as the person's rights to subpoena witnesses and be represented by counsel, including appointed counsel.). After the hearing, the court concluded that appellant had a mental illness but did not require commitment. The court discharged appellant, but entered an order prohibiting her from purchasing or possessing firearms based on a finding that there was a reasonable likelihood that as a result of her mental state, she would constitute a danger to herself or to the community, as demonstrated by "past behavior or participation in incidents involving unlawful violence or threats of unlawful violence, or by reason of a single incident of extreme, violent, unlawful conduct." ORS 426.130(1)(a)(D).

Appellant argues that the trial court plainly erred in failing to give the advice required by ORS 426.100(1), and that clear and convincing evidence did not support the trial court's findings. The state concedes that the order should be reversed because the court plainly erred in in that regard. *See State v. M. L. R.*, 256 Or App 566, 570, 303 P3d 954 (2013) (a trial court's failure to advise a person of rights as required by ORS 426.100(1) constitutes plain error that the court will exercise discretion to correct). We agree and accept the state's concession on that point, which obviates the need to address appellant's remaining assignment of error concerning the sufficiency of the evidence. For the reasons set forth in *M. L. R.*, we exercise our discretion to correct the error.

Reversed.